FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 07 2018 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

MEMORANDUM AND ORDER
17-CR-527(DRH)

-against-

OSMAN AK,

              Defendant.
----------------------------------X

APPEARANCES:

For the Plaintiffs:
    Richard Donoghue
    United States Attorney
    Eastern District of New York
    610 Central Islip, New York 11722
      By: Charles Kelly, A.U.S.A.

For Defendants:
    LaRusso, Conway & Bartling, LLP
    300 Old Country Road
    Suite 341
    Mineola, New York 11501
      B: Robert P. LaRusso, Esq.

HURLEY, Senior District Judge

      On August 17, 2018, I sentenced Osman Ak to a prison term of a year and a day. By letter application, made pursuant to Fed. Rule of Crim. P. 35(a), he seeks resentencing to permit the Court "to fulfill [its] possible intent of sentencing [him] to a term that would result in an actual prison sentence somewhere around eight months rather than the longer term presently contemplated by the Bureau of Prison's policy for sentence computation of a year and a day sentence, that is, approximately 10 months." (Def.'s Aug. 24, 2018 Letter (Doc. # 78) at 1.)) The government has filed a letter in opposition

(Doc. # 79).

By way of background, after the Court pronounced sentence and advised defendant on the issue of appeal, defense counsel asked me to recommend to the Bureau of Prisons that defendant be housed in a correctional facility as close to the metropolitan area as possible so as to simplify visits by family members. In response to that request, I opined: "in all probability he will serve eight months. In any event whatever it is [,] I have imposed the sentence and it will be [served] in a place as close as possible to the metropolitan area as circumstances permit." (Aug. 17, 2018 Tr. at 35.)

It was in the above that context that the Court said as an aside – erroneously as it developed – that defendant would likely only be separated from his family for a period of eight months whereas, as defense counsel correctly notes, 18 U.S.C. § 3624 sets the maximum credit for satisfactory behavior at 54 days per year.

The core issue is whether I committed "clear error" by imposing a more onerous sentence than defendant speculates may have been my "possible" intention, thus requiring correction. Simply put, did I intend to impose a sentence of a year and a day – with the understanding that the defendant might be released earlier – or did I intend to impose a sentence of eight months? If my intention was the latter, I would have so stated. Rather, I

intended to impose, and did impose, a sentence of one year and a day.  Accordingly, defendants application for resentencing under Rule 35(a) is denied.

SO ORDERED.

Dated: September 7, 2018
       Central Islip, New York

S/ Denis R. Hurley
DENIS R. HURLEY, U.S.D.J.